IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
***** Harrisonburg Division *****

DAVID B. BRIGGMAN,

and

TANIA CORTES

and

RICHARD W. NAGEL,

    **Plaintiffs**

v.

NEXUS SERVICES INC.
(A Virginia Corporation)

and

MICHAEL PAUL DONOVAN
aka, MICHEAL PAUL DONOVAN
(Individually and in his capacity as CEO
of Nexus Services Inc.)

and

ERIK G. SCHNEIDER
(Individually, and in his dual capacity as "Chief
Risk Management Officer" and "Vice President
of Risk Management" of Nexus Services,
Inc.),

    **Defendants**.

CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAR 02 2018

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

Case No. 5:18CV00047

SERVE:    NEXUS SERVICES INC.
             r/a Gentry Locke Rakes & Moore
             10 Franklin Road, S.E., Suite 900
             Roanoke, Virginia 24011

MICHAEL PAUL DONOVAN
aka MICHEAL PAUL DONOVAN
r/a Gentry Locke Rakes & Moore
10 Franklin Road, S.E., Suite 900
Roanoke, Virginia 24011

ERIK G. SCHNEIDER
r/a Gentry Locke Rakes & Moore
10 Franklin Road, S.E., Suite 900
Roanoke, Virginia 24011

## COMPLAINT

Comes now the Plaintiffs, David B. Briggman, Tania Cortes, and Richard W. Nagel, who file their Complaint against the Defendants, jointly and severally, on grounds more fully-stated herein.

## NATURE OF ACTION

1. This is a civil action against the Defendants for intentionally and without good faith recording Plaintiffs' oral communications and intercepting their electronic communications.

## PARTIES

2. Plaintiff David B. Briggman (hereafter "Briggman") is a resident of Rockingham County, Virginia, and a former employee of Nexus Services Inc.

3. Plaintiff Tania Cortes (hereafter "Cortes") is resident of the City of Harrisonburg, and a former employee of Nexus Services Inc.

4. Plaintiff Richard W. Nagel (hereafter "Nagel") is resident of the City of Harrisonburg, and a former employee of Nexus Services Inc.

5. Defendant Nexus Services Inc. (hereafter "Nexus") is a corporation duly registered in Virginia with its principal place of business in Augusta County, Virginia.

6.  Defendant, Michael Paul Donovan, aka Micheal Paul Donovan (hereafter "Donovan"), is a resident of Augusta County, Virginia, and is the President and Chief Executive Officer of Nexus.

7.  Defendant, Erik G. Schneider (hereafter "Schneider"), is a resident of Augusta County, Virginia and the "Vice President of Risk Management" (formerly "Chief Risk Management Officer") of Nexus.

## JURISDICTION AND VENUE

8.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

9.  Supplemental jurisdiction over the pendant state claims is invoked pursuant to 28 U.S.C. §1367.

10. Venue is invoked pursuant to 28 U.S.C. §1391(b)(1) in that the principal place of business for the Defendants lies within this judicial district.

## INTRODUCTION

11. This matter involves the non-consensual, unwarranted, and illegal monitoring by the Defendants of their employees' private communications. According to information and belief, the Defendants installed cameras throughout the Nexus offices which recorded audio of their employees' conversations. The Defendants also caused to be recorded conversations which occurred in and around company-owned vehicles. Plaintiffs became aware of these actions due to Defendants' attempts to discipline them with threats based on the recordings, and in at least one instance, playing the recording to support the threat. Briggman also became aware of Defendants' interception of his private electronic communications for unlawful purposes.

## FACTUAL ALLEGATIONS

12. The Plaintiffs each terminated their employment with Nexus between March and April of 2017, shortly after learning of the Defendants' illegal recordings.

13. On March 3, 2017, Briggman had just finished taping the radio program he co-hosted with Donovan at the WSVA studios in the City of Harrisonburg, when Donovan pulled Briggman aside and confronted him by playing from his cell phone a recording of a conversation which took place weeks earlier between Briggman, Cortes, and Nagel while in a Nexus-owned vehicle on the way to lunch, in Verona, Virginia. None of the parties to the conversation had consented to any recording of their conversations. Briggman repeatedly asked Donovan how he obtained such a recording and Donovan declined to answer. Upon leaving, Briggman called Nagel and notified him that his company-assigned vehicle likely had a listening device installed within.

14. On or about April 3, 2017, Cortes resigned her position.

15. Between April 8th and April 17th, 2017, Briggman went on vacation with his family, during which Defendants twice requested that he provide Nexus' information technology department with passwords to the two computers he used in the course of his employee so that Nexus could perform "hardware upgrades." Briggman declined to provide those passwords.

16. Briggman returned to work on April 18, 2017, and Donovan inquired why he had been communicating with journalists from the Washington Post, to which Briggman replied that such knowledge could only have been drawn from accessing his personal emails and social media messages.

17. Donovan replied that he could review Briggman's personal email and social media accounts because he accessed them from a Nexus computer, and following Briggman's

objections thereto, offered to inform Briggman about "safe spaces" throughout the Nexus campus where one could avoid being monitored, on the condition he promise to not disclose such information to other coworkers.

18. Concurrent with the aforementioned conversation between Briggman and Donovan, in a Nexus conference room Schneider and another Nexus employee confronted Nagel with accusations that he intended to compete with Nexus, which Nagel denied.

19. Schneider and the other employee then threatened to "ruin any political or business endeavors" Nagel may have, which prompted Nagel to ask how they intended to blackmail him.

20. Schneider responded by playing a recording made on April 14, 2017 of a conversation between Nagel, Cortes, and another former employee, Andrew Jones, while they were standing outside of Nagel's residence near his Nexus vehicle.

21. Upon hearing the audio recording, Nagel declined to participate any further in the interrogation and repeatedly stated his intention to resign from Nexus due to their unlawful surveillance, but instead, Nagel's employment was immediately terminated.

22. On April 29, 2017, Briggman resigned from Nexus.

## COUNT I
## UNLAWFUL INTERCEPTION OF ORAL COMMUNICATIONS
18 U.S.C. §2511 and §2520
*(All Defendants)*

23. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-22 as if fully set forth herein.

24. Plaintiffs allege that during their employment with Nexus they were subject to having their audio conversations recorded while on Nexus property and in Nexus-owned motor vehicles in violation of 18 U.S.C. §2511, *et seq.*

25. Plaintiffs in no manner consented to having their conversations intercepted and recorded by Defendants, and Defendants were not parties to the communications.

26. Defendants intercepted Plaintiffs' oral communications without a good faith reliance on any a court warrant or order, subpoena, legislative or statutory authorization, law enforcement or investigative request, or determination that such conduct was permitted.

27. Defendants' conduct was willful, malicious, oppressive and in reckless disregard of the Plaintiffs' rights.

28. Plaintiffs are authorized to recover civil damages for violations of 18 U.S.C. §2511, pursuant to 18 U.S.C. §2520, which also allows the award of punitive damages, reasonable attorneys' fees and other litigation costs reasonably incurred.

WHEREFORE the Plaintiffs respectfully demand this Honorable Court enter judgment against the Defendants, jointly and severally, for Count I and award statutory damages in the amount of $100 per day per Plaintiff, punitive damages, and attorneys' fees and costs, as set forth in 18 U.S.C. § 2520, as well as any other relief this Court finds to be warranted.

## COUNT II
## UNLAWFUL INTERCEPTION, DISCLOSURE OR USE OF ORAL COMMUNICATIONS
§ 19.2-62 and -69 of the Code of Virginia
*(All Defendants)*

29. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-29 as if fully set forth herein.

30. As heretofore described, Defendants have intentionally intercepted and endeavored to disclose Plaintiffs' private oral communications without prior consent or good faith defense, in violation of Virginia Code §19.2-62, *et seq.*

31. Defendants' conduct was willful, malicious, oppressive and in reckless disregard of the Plaintiffs' rights.

32. Plaintiffs are authorized to recover civil damages for violations of §19.2-62, pursuant to §19.2-69, which also allows the award of punitive damages, reasonable attorneys' fees and other litigation costs reasonably incurred.

WHEREFORE the Plaintiffs respectfully demand this Honorable Court enter judgment against the Defendants, jointly and severally, for Count II and award statutory damages in the amount of $400 per day for Nagel and Cortes, and $800 per day for Briggman, whose spoke to his wife from his office every day, punitive damages, attorneys' fees and costs in the prosecution of this matter as set forth in Virginia Code §19.2-69, as well as any other relief this Court finds to be warranted.

## COUNT III
## UNLAWFUL INTERCEPTION OF ELECTRONIC COMMUNICATIONS
18 U.S.C. §2511 and §2520
*(Briggman v. All Defendants)*

33. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-32 as if fully set forth herein.

34. Defendants have intentionally intercepted Briggman's private electronic communications, and endeavored to use said communications with knowledge or having reason to know the information was obtained through unlawful interception, in violation of 18 U.S.C. §2511, *et seq.*

35. Defendants were not parties to the communications, had not been provided consent from Briggman, and were not acting under color of law.

36. Defendants intercepted Briggman's electronic communications without a good faith reliance on any a court warrant or order, subpoena, legislative or statutory authorization, law enforcement or investigative request, or determination that such conduct was permitted.

37. Defendants' conduct was willful, malicious, oppressive and in reckless disregard of Briggman's rights.

38. Briggman is authorized to recover civil damages for violations of 18 U.S.C. §2511, pursuant to 18 U.S.C. §§ 2520, which also allows the award of punitive damages, reasonable attorneys' fees and other litigation costs reasonably incurred.

WHEREFORE Briggman respectfully demands this Honorable Court enter judgment against the Defendants, jointly and severally, for Count III and award statutory damages in the amount of $100 per day per Plaintiff, punitive damages, and attorneys' fees and costs, as set forth in 18 U.S.C. § 2520, as well as any other relief this Court finds to be warranted.

## COUNT IV
## UNLAWFUL INTERCEPTION, DISCLOSURE OR USE OF ELECTRONIC COMMUNICATIONS
§ 19.2-62 and -69 of the Code of Virginia
*(Briggman v. All Defendants)*

39. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-38 as if fully set forth herein.

40. As heretofore described, Defendants have intentionally intercepted and endeavored to disclose Briggman's private electronic communications without prior consent or good faith defense, in violation of Virginia Code §19.2-62, *et seq.*

41. Defendants' conduct was willful, malicious, oppressive and in reckless disregard of Briggman's rights.

42. Briggman is authorized to recover civil damages for violations of §19.2-62, pursuant to §19.2-69, which also allows the award of punitive damages, reasonable attorneys' fees and other litigation costs reasonably incurred.

WHEREFORE Briggman respectfully demands this Honorable Court enter judgment against the Defendants, jointly and severally, for Count IV and award statutory damages in the amount of $4000, punitive damages, attorneys' fees and costs in the prosecution of this matter as set forth in Virginia Code §19.2-69, as well as any other relief this Court finds to be warranted.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

Respectfully submitted,

Nicholas A. Hurston (VSB #86717)
Law Offices of Little & Hurston, PLLC.
562 Calvert Street, Suite C
Staunton, VA 24401
Telephone: (540) 886-0440
Facsimile: (540) 886-8008
hurstonlaw@gmail.com
*Counsel for Plaintiffs*

Dated: March 2, 2018